# EXHIBIT 1

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
9/9/2021 11:06 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Gloria Moreno

THIRD JUDICIAL DISTRICT
COUNTY OF DONA ANA
STATE OF NEW MEXICO

RICHARD PHILLIPS,

    *Plaintiff*,

vs.                                                       Cause No. D-307-CV-2021-01975

                                              Judge: Beyer, Marci

ALL ABOARD AMERICA HOLDINGS, INC.

    *Defendant*

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW RICHARD PHILLIPS (hereinafter referred to as "Plaintiff") complaining of ALL ABOARD AMERICA HOLDINGS, INC, (hereinafter referred to as "Defendant") for a for a cause of action would show this Honorable Court as follows:

### I.   PARTIES AND JURISDICTION

1. Plaintiff RICARD PHILLIPS is a resident of New Mexico.

2. Defendant ALL ABOARD AMERICA HOLDINGS, INC., is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, and/or any other authorized officer or agent therein, at 211 E. 7th Street, Suite 620, Austin, TX 78701 and/or wherever may be found.

### II.   FACTS

3. The injuries and damages suffered by Plaintiff made the basis of this action arose out of an occurrence on or about January 6, 2020 in Dona Ana County, New Mexico at a Roadrunner Transit located at 300 W. Lohman Ave. in Las Cruces, New Mexico.

4. On the date in question, Plaintiff was asked to assist the bus driver with the wheelchair lift. While Plaintiff had is hands on the base of the lift, trying to support it, bus driver released the hydraulic pressure causing the base to crash down.

5. As a result of the occurrence, Plaintiff sustained injuries to his back, wrists, right shoulder, right collar bone, right knee and other parts of his body.

6. Plaintiff would show that Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions or activities on the premises or to warn of their existence.

7. Defendant failed to provide a safe environment for Plaintiff and have failed to adequately train its employees to prevent the hazards such as the one that injured Plaintiff.

### III.   NEGLIGENCE OF DEFENDANT

8. Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendant, their employees, agents and representatives. Plaintiff would show that Defendant owed a duty to Plaintiff, that Defendant breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendant, their agents, representatives and employees were guilty of negligence in one or more of the following alternatives theories of negligence:

1. Failure to provide Plaintiff with a safe premise.
2. Failure to supply adequate and reasonably competent workers.
3. Failure to establish and enforce safety rules and regulations.
4. Failure to warn Plaintiff of the dangers.
5. Failure to supervise.
6. Failure to provide adequate means of communications for workers to safely perform the job.
7. Failure to inspect.
8. Failure to properly educate, instruct and supervise workers in the performance of their duties.
9. Failure to have a competent safety person on site.

10. Failure to have proper and safe equipment.
11. Failing to adequately train, educate and provide instructions and orders to persons.
12. Failing to provide proper safety manuals and instructions to employees responsible for safety.
13. Negligent supervision, training and instruction.

One or more of the foregoing negligent acts or omissions of Defendant constituted negligence where negligence was a proximate cause of the injuries to Plaintiff which is made the basis of this cause of action. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for one or more of the foregoing acts or omissions.

## IV.   VICARIOUS LIABILITY

9. Alternatively, and without waiving the foregoing, Plaintiff would show that Defendant is liable for the damages and injuries which were caused by the negligence of their employees, agents and representatives. Defendant is liable for the acts or omissions of its contractors, subcontractors, employees and agents and any person on the job site over whom Defendant retained control. This right of and actual exercise of control gives rise to a duty of care by Defendant to employees working on the site.

## V.   NEGLIGENT HIRING, RETENTION AND SUPERVISION

10. In the alternative, and without waiving the foregoing, Plaintiff will show that Defendant is liable for the damages and injuries which were caused by the negligence of their employees, agents, independent contractors, and representatives, by negligently hiring, supervising, and retaining their employees on the job site in question. Defendant had a legal duty to use ordinary care in hiring, adequately supervising, retaining their employees, agents, independent contractors, and representatives; however, Defendant breached that duty causing injuries and damages to Plaintiff.

4 | P a g e

## IX. DAMAGES

11. As a result of the occurrence, Plaintiff RICHARD PHILLIPS suffered bodily injuries.

12. As a further result of the occurrence, Plaintiff RICHARD PHILLIPS has incurred medical expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff RICHARD PHILLIPS, and the charges made and to be made were the usual and customary charges for such services. Plaintiff RICHARD PHILLIPS will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

13. As a result of the occurrence, Plaintiff RICHARD PHILLIPS has suffered loss of earning capacity in the past and will continue to suffer loss of earning capacity in the future. Plaintiff RICHARD PHILLIPS was prevented from working and has a future loss of earning capacity.

14. Plaintiff RICHARD PHILLIPS was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

15. Plaintiff RICHARD PHILLIPS has suffered pain and suffering in the past. Plaintiff RICHARD PHILLIPS will continue to suffer pain and suffering in the future.

16. Plaintiff RICHARD PHILLIPS has suffered emotional distress in the past. Plaintiff RICHARD PHILLIPS will continue to suffer emotional distress in the future.

17. As a result of the occurrence, Plaintiff RICHARD PHILLIPS has suffered impairment in the past and will continue to suffer impairment in the future.

18. Plaintiff RICHARD PHILLIPS has suffered disfigurement in the past and will continue to do so.

19. Plaintiff RICHARD PHILLIPS has suffered damage to the value and enjoyment of his life and will continue to do so.

20. As Defendant's acts or omissions proximately caused the above stated damages, Plaintiff is entitled to recovery of such damages from Defendant.

## X.  PUNITIVE DAMAGES

21. Under New Mexico law, Plaintiff is entitled to punitive damages because of Defendant reckless, wanton, willful, and/or gross negligently conduct. As noted earlier, the risk of injury defines Defendant's duties under New Mexico law. *See* UJI 13-1603 ("As the risk of danger that should be reasonably foreseen increases, the amount of care required also increases."); *Cross v. City of Clovis*, 107 N.M. 251, 254, 755 P.2d 589, 592 (1988). The greater the risk, the greater the duty to avoid that risk through reasonable measures, and whether the risk of injury is great, the degree of conduct sufficient to demonstrate a culpable mental state to warrant the imposition of punitive damages is less:

> [A]s the risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state. The circumstances define the conduct; a cavalier attitude toward the lawful management of a dangerous product may raise the wrongdoer's level of conduct to recklessness, whereas a cavalier attitude toward the lawful management of a nondangerous product may be mere negligence.

*Clay v. Ferrellgas, Inc.,* 118 N.M. 266, 269, 881 P.2d 11, 14 (1994); UJI 13-1827 Committee Comment ("[T]he risk of danger by the…tortfeasor's conduct is valid consideration in determining whether the conduct rises to the level of recklessness necessary to show a culpable mental state."). Thus, as the risk of danger increases, the conduct that amounts to beach of duty is more likely to demonstrate sufficient culpable mental state to support the imposition of punitive damages. *McNeill v. Rice Engineering and Operating, Inc.*, 2003-NMCA-078, 133 N.M. 804, 70 P.3d 794. A negligent defendant's utter indifference to the safety of others is a sufficient basis for imposing

punitive damage under New Mexico law. *DeMatteo v. Simon*, 112 N.M. 112, 812 P.2d 361 (N.M. App. 1991).

22. The risk of danger involved in this incident is extremely great, as operating heavy industrial wheel-chair is commonly known to be extremely dangerous near passengers and severe and permanent injuries associated with such operation, such as happened to Plaintiff RICHARD PHILLIPS, are commonly known to be the cause of some of the most severe injuries. Despite this, Defendant utterly disregarded the safety of Plaintiff with respect failing to present the operation near or around Plaintiff and other passengers.

23. The acts or omissions of Defendant, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and their demonstrated indifference to worker safety on the job site is sufficient to impose an award of punitive damages under New Mexico law.

24. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendant for their reckless, wanton, willful, and/or grossly negligent conduct, in order to set an example for others that such conduct will not be tolerated.

## XI. JURY DEMAND

25. Plaintiff respectfully requests trial by jury of the issues in this case.

26. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendant for all relief requested, attorney's fees, for costs, pre-judgment and post judgment interest, punitive damages, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

_____
**ALEJANDRO ACOSTA, III**
New Mexico Bar No. 142516
1485 N. Main St., Suite B
Las Cruces, NM 88001
(575)222-1000 – Phone
(575)652-4752 - Facsimile
aacosta@ftalawfirm.com