UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RICHARD PHILLIPS,

    Plaintiff,

v.                                                      Civ. No. 21-1050 DHU/GJF

ALL ABOARD AMERICAN
HOLDINGS, INC.,

    Defendant.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court sua sponte. As explained in the Court's Order Granting Motion to Withdraw as Plaintiff's Counsel, it appears that—in light of Plaintiff's refusal to stay in contact with the law firm that was previously representing him in this case (and his apparent failure to participate in this case)—Plaintiff no longer wishes to prosecute this case. *See* ECF 19.

The Court may dismiss a plaintiff's case if (1) "no steps are taken to move the case forward" for "a period of ninety (90) days" and (2) Plaintiff is "give[n] written notice that the action may be dismissed thirty (30) days after the date of [such] notice, unless good cause is shown." D.N.M.LR-Civ. 41.1; *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (observing that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the … court's orders"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that pro se plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

More than ninety days have passed since Plaintiff has taken any steps that would have allowed him—or the law firm that was then representing him—to meaningfully move this case forward. *See generally* ECFs 1-18; *see also* ECFs 16 (clerk's minutes from Rule 16 conference),

18 (noting that "Counsel's last communication with Plaintiff was prior to June 15, 2021," that "there is a complete breakdown of the relationship and communication between Counsel and Plaintiff," and that counsel "does not have [his] current contact information").  Consequently, Plaintiff is hereby provided **NOTICE** that **this case may be dismissed if, within thirty days, he does not show good cause in writing by (1) clarifying whether or not he intends to pursue this case and (2) explaining why this case should not be dismissed for his failure—since at least June 15, 2021— to do anything to help move this case forward**.

**IT IS THEREFORE ORDERED** that, in order to avoid dismissal of this action, Plaintiff must, **on or before April 4, 2022**, show good cause in writing by (1) clarifying whether or not he intends to pursue this case and (2) explaining why this case should not be dismissed for his failure—since at least June 15, 2021— to do anything to help move this case forward.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this order to Plaintiff at (1) his email address on file (tammys005@gmail.com), (2) his current physical address on file (19561 SE Vicki St., Inglis, FL 34449), and (3) an additional address that he provided to the law firm that previously represented him (1145 N. Campo St., Las Cruces, NM 88001).

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE